UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SENORX, INC., | ) | No. C-07-1075 SC |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| COUDERT BROTHERS, LLP, and DOES 1-500, | ) | |
| Defendants. | ) | |

**I. INTRODUCTION**

Presently before the Court is a motion by Plaintiff SenoRx, Inc. ("Plaintiff" or "SenoRx") to remand the action to state court. See Mot. to Remand, Docket No. 13. Defendants Coudert Brothers, LLP et al. ("Defendants" or "Coudert") filed an opposition to Plaintiff's motion. See Opp'n, Docket No. 15.

For the reasons discussed herein, the Court DENIES Plaintiff's Motion to Remand.

**II. BACKGROUND**

In 2001, SenoRx retained the law firm Coudert Brothers LLP to represent it in the filing of several patent applications. See Weiss Decl., Ex. 1. In 2004, Plaintiff sued Defendants in California Superior Court for professional negligence stemming from Defendants' legal advice and actions on behalf of Plaintiff.

See Not. of Removal, ¶ 1.  From late 2004 through late 2006, the state court litigation continued as Plaintiff filed several amendments to substitute named limited liability partners of Coudert Brothers LLP for the DOE defendants and Defendants filed demurrers.  See id. at ¶¶ 2-3.

On September 22, 2006, Coudert filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of New York: In re Coudert Brothers LLP, Case No. 06-12226 (the "Bankruptcy Case").  See id. at ¶ 4.  On November 8, 2006, Plaintiff filed its Fourth Amended Complaint and the state court subsequently overruled Defendants' demurrer to that complaint.  See id. at 5.  On January 31, 2007, Plaintiff filed a proof of claim in the Bankruptcy Case seeking the same recovery as the claims set forth in its Fourth Amended Complaint.  See id. at 6.  Defendants removed the action to this Court on February 21, 2007.  See id.

**III. DISCUSSION**

**A. Jurisdiction**

This matter was removed to federal court pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.  Under 28 U.S.C. § 1334(b), which governs federal jurisdiction over bankruptcy matters, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."  Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).  Furthermore, "the 'related to' language

-2-

of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate." Id.

On January 31, 2007, Plaintiff filed a proof of claim in the Bankruptcy Case seeking the same recovery as its claims in this case. See Not. of Removal, ¶ 6. As a result, Plaintiff's claims against Coudert Brothers LLP are core bankruptcy matters which are subject to the jurisdiction of the bankruptcy court. See In re G.I. Industries, 204 F.3d 1276, 1279-80 (9th Cir. 2000) ("The filing of a proof of claim is the prototypical situation involving the 'allowance or disallowance of claims against the estate,' a core proceeding under 28 U.S.C. § 157(b)(2).").

In this action, Plaintiff has also filed suit against numerous individuals who were partners of the Coudert law firm (the "Individual Partner Defendants"). The Individual Partner Defendants are not debtors in the Bankruptcy Case. See Pl.'s Reply, 2. In its Reply Brief, Plaintiff concedes that the Court cannot remand the claims against Coudert Brothers LLP, but requests that the Court remand the claims against the Individual Partner Defendants. See id., 1-2.

28 U.S.C. § 1452 also allows "removal of claims related to bankruptcy cases." Though not core bankruptcy proceedings, the claims against the Individual Partner Defendants are related to the Bankruptcy Case. The Ninth Circuit has stated:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether <u>the outcome of the proceeding could conceivably have any effect</u>

-3-

> on the estate being administered in bankruptcy. [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In re Feitz, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original). In this case, Plaintiff's success or failure to recover from the Individual Partner Defendants will either positively or negatively affect the bankruptcy estate. On the one hand, if the Individual Partner Defendants are liable for malpractice and guarantors for damages against Coudert Brothers LLP, claims against the estate will be reduced. On the other hand, a holding of liability will likely give rise to indemnity claims by the partners against the bankruptcy estate, negatively affecting the estate. See In re Sizzler Rests. Int'l, Inc., 262 B.R. 811, 818-819 (Bankr. C.D. Cal. 2001) (discussing how indemnity claims give rise to "related to" bankruptcy jurisdiction).

### B. Abstention

Plaintiff asserts that the Court should abstain from hearing this case under 28 U.S.C. § 1334(c). See Mot. to Remand, 14. Plaintiff's argument fails. In the Ninth Circuit, abstention is unavailable if there is no pending state court proceeding. See In re Lazar, 237 F.3d 967, 981-82 (9th Cir. 2001) ("Accordingly, because there is no pending state proceeding, §§ 1334(c)(1) and 1334(c)(2) are simply inapplicable to this case."). As a result of Defendant's removal, no pending state proceeding remains and abstention does not apply.

-4-

**C. Equitable Remand**

Plaintiff also requests equitable remand of the action pursuant to 28 U.S.C. § 1452(b). See Mot. to Remand, 10. In analyzing whether to remand, the Court should consider a variety of equitable factors, including:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which the issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court.

Williams v. Shell Oil Co., 169 B.R. 684, 692-693 (S.D. Cal. 1994). A thorough evaluation of the relevant factors weighs in favor of denying equitable remand.

**1. Effect of the action on the bankruptcy estate**

As previously discussed, the resolution of this case will have a significant effect on the bankruptcy estate. The large amount of money at stake in this litigation has the potential to greatly reduce the bankruptcy estate and constitutes a significant potential liability for the debtor. The estimation of such liabilities is "a mandatory obligation of the bankruptcy court" A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 1012 (4th Cir. 1986).

**2. Relatedness of the action to the Bankruptcy Case**

As noted by Defendants, this action is related to the Bankruptcy Case. First, Coudert Brothers LLP is the debtor in the Bankruptcy Case and Plaintiff filed a proof of claim in that case

-5-

concerning the same transactions as this case.  Second, the Individual Partner Defendants were allegedly members of the firm at the time it did legal work for Plaintiff and have been named as guarantors of the firm's liabilities.  As such, any action against the Individual Partner Defendants will necessarily inquire into the liability of Coudert, the debtor, and whether its insurance is sufficient to cover Plaintiff's claims.  Plaintiff's claims against the non-debtor partners are thus inextricably linked to its claims against the debtor.

### 3. Issues of state law

Plaintiff's case involves relatively straightforward state law claims of legal malpractice.  In support of its motion to remand, Plaintiff argues that the trial court will need to interpret California Corporations Code § 16956, which regulates the amount of insurance a limited liability partnership must hold.  See Mot. to Remand, 11.  Despite the presence of state law claims and the need to interpret a state statute, bankruptcy courts are capable of resolving issues of state law, as the court will be able to do in this case.  See In the Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d 1184 (7th Cir. 1993) (stating that bankruptcy courts are qualified to resolve issues of state law).

### 4. Comity

Comity does not favor remand in this case.  Though the case was before the state court for some time, the court had not made significant progress.  Indeed, it was not until January 2007 that the demurrer to Plaintiff's Fourth Amended Complaint was

-6-

overruled.  See Not. of Removal, ¶ 5; see e.g., In re Talon Holdings, Inc., 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998) ("[A]t the time this action was removed, the proceedings in the State Court were not sufficiently advanced such that concerns for comity and waste of judicial resources are implicated.")

### 5. Other factors

Consideration of the remaining factors weighs against remand.

## IV. CONCLUSION

For the reasons described herein, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: May 24, 2007

_____
UNITED STATES DISTRICT JUDGE

-7-