United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SENORX, INC., ) No. C-07-1075 SC
           Plaintiff, )
) ORDER GRANTING
        v. ) DEFENDANTS' MOTION TO
) TRANSFER
COUDERT BROTHERS, LLP, and DOES )
1-500, )
           Defendants. )

## I. INTRODUCTION

Presently before the Court is a motion by Defendants Coudert Brothers, LLP et al. ("Defendants" or "Coudert") to transfer this case to the United States District Court for the Southern District of New York, the court in which Coudert Brothers LLP's Chapter 11 Bankruptcy proceeding is pending. See Mot. to Transfer, Docket No. 29. Plaintiff SenoRx, Inc. ("Plaintiff" or "SenoRx") opposes the motion.

For the reasons discussed herein, the Court GRANTS Defendants' Motion to Transfer.

## II. BACKGROUND

In 2001, SenoRx retained Coudert Brothers LLP to represent it in the filing of several foreign patent applications. See Mot. to Transfer, 1-2. In 2004, Plaintiff sued Defendants in California

1  Superior Court for professional negligence stemming from
2  Defendants' legal advice and actions on behalf of Plaintiff.  See
3  id.  From late 2004 through late 2006, the state court litigation
4  continued as Plaintiff filed several amendments to substitute
5  limited liability partners of Coudert Brothers LLP for the Doe
6  defendants and Defendants filed demurrers.  See id.

   On September 22, 2006, Coudert filed a Chapter 11 Bankruptcy
   Petition in the United States Bankruptcy Court for the Southern
   District of New York: In re Coudert Brothers LLP, Case No. 06-
   12226 (the "Bankruptcy Case").  See id.  On November 8, 2006,
   Plaintiff filed its Fourth Amended Complaint and the state court
   subsequently overruled Defendants' demurrer to that complaint.
   See id. at 3.  On January 31, 2007, Plaintiff filed a proof of
   claim in the Bankruptcy Case seeking the same recovery as the
   claims set forth in its Fourth Amended Complaint.  See id.
   Defendants subsequently removed the action to federal court.  See
   id. at 4.  On May 24, 2007, this Court denied Plaintiff's Motion
   to Remand, finding that Plaintiff's claims against Coudert
   Brothers LLP are core bankruptcy matters and Plaintiff's claims
   against the Individual Partner Defendants of the firm are related
   to the Bankruptcy Case.  Thus, the Bankruptcy Court may properly
   obtain jurisdiction over this case.

### III. DISCUSSION

   28 U.S.C. § 1412 is used to analyze the request for a change
   of venue in a proceeding related to a bankruptcy case.  See A.B.
   Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's, Inc.), 227 B.R.

-2-

311, 323 (Bankr. N.D. Ala. 1998).[1]  Under the statute, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.  Further, "[t]he party that seeks to transfer venue bears the burden of showing by a preponderance of the evidence that transfer would be appropriate."  TIG Ins. Co. v. Smolker (In re TIG Ins. Co.), 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001).

Defendants' request under the "interest of justice" prong is analyzed under "a broad and flexible standard which must be applied on a case-by-case basis."  Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.), 896 F.2d 1384, 1391 (2d Cir. 1990).  The variety of factors considered include the economics of estate administration, the presumption in favor of the "home court", judicial efficiency, the ability to receive a fair trial, the state's interest in having local controversies decided within its borders by those familiar with its laws, the enforceability of the judgment, and plaintiff's original choice of forum.  See In re Bruno's, Inc., 227 B.R. at 324-25.  "[T]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate."  In re Commonwealth Oil Refining Co., Inc., 596 F.2s 1239, 1247 (5th Cir. 1979).  The "home court" is the bankruptcy court in which the debtor's case is pending.

---

[1] The Court found several significant and obvious errors in Defendants' citations.  Attorneys should always proofread and cite-check their briefs before submitting them to the Court.

-3-

See Irwin v. Beloit Corp. (In re Harnischfeger Indus.), 246 B.R. 421, 440 (Bankr. N.D. Ala. 2000).

Analysis of the relevant factors weighs heavily in favor of transfer. First, resolution of the professional negligence claims filed by SenoRx will have a significant effect on the economics of estate administration because SenoRx's proof of claim carries a potential liability of over $25 million. Second, the "home court" for the estate is the Southern District of New York. Third, judicial efficiency will be served by administering all claims against the estate in the same forum. Finally, the remaining factors also weigh in favor of transfer. The most efficient and economical place to administer the Coudert estate is in the Bankruptcy Court for the Southern District of New York. The Court finds that Coudert has met its burden to demonstrate that transfer is appropriate.

SenoRx argues that it would be less convenient to try the case in New York as opposed to California. Coudert disagrees. The relevant factors regarding convenience include the location of plaintiff and defendant, ease of access to necessary proof, convenience of witnesses, availability of subpoena power for the unwilling witnesses, and the expense relating to obtaining witnesses. See In re Bruno's, Inc., 227 B.R. at 325. In this case, though most of the witnesses and documents reside in California, they will also be available in New York. Furthermore, the case will likely involve numerous expert witnesses and issues of international law which favor neither California nor New York.

Having considered the evidence presented, the Court finds

-4-

that the interests of justice heavily favor transfer to New York while convenience slightly favors retaining jurisdiction in California.  On balance, the evidence weighs in favor of transfer and the Court finds that the best course of action is to transfer this case to the District Court for the Southern District of New York.

## IV. CONCLUSION

For the reasons described herein, Defendants' Motion to Transfer is GRANTED.

IT IS SO ORDERED.

Dated: August 27, 2007

_____
UNITED STATES DISTRICT JUDGE

-5-